

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | |
|---|---|
| MICHAEL J. VIGNEULLE, as Personal Representative of the Estate of ANDREW MICHAEL VIGNEULLE,<br><br>    Plaintiff,<br><br>v.<br><br>TAHSIN INDUSTRIAL CORP., USA, PRIMAL VANTAGE COMPANY, INC., and Fictitious Defendants A through D, which are those entities that design, sell, market, and/or manufacture the Tahsin Harnesses, whose identifies are as yet unknown to Plaintiff, but whose names will be added to this Complaint as they are discovered,<br><br>    Defendants. | Case No.: |

## NOTICE OF REMOVAL

TO:  R. Bruce Barze, Jr.
       Christopher F. Heinss
       Katherine R. Clements
       BALCH & BINGHAM LLP
       P.O. Box 306
       Birmingham, AL 35201
       T: (205) 251-8100
       F: (205) 488-5642

PLEASE TAKE NOTICE that Defendants, Tahsin Industrial Corp., USA and Primal Vantage Company, Inc., by filing this Notice of Removal and related papers, remove this action from the Circuit Court of Shelby County, Alabama, to

the United States District Court for the Northern District of Alabama, Southern Division, pursuant to 28 U.S.C. §§ 1332(a)(1), 1441 and 1446, Fed. R. Civ. P. 81(c). The grounds for this removal are as follows:

### Background

1. This action was commenced on or about December 2, 2015, by the filing of the following action: *Michael J. Vigneulle v. Tahsin Industrial Corp., USA, et al.,* in the Circuit Court of Shelby County, Alabama, 58-CV-2015-901028.00. Removal is timely pursuant to 28 U.S.C. § 1446(b). Tahsin Industrial Corp., USA, was served through its agent for service of process on or about December 14, 2015. Primal Vantage Company, Inc., was served through its agent for service of process on or about December 14, 2015.

2. Defendants appear solely for the purposes of filing this Notice of Removal and reserve all rights, defenses, exceptions and claims without waiver thereof. Copies of all pleadings served upon Defendants in this action are attached hereto collectively as **Exhibit "A"** together with a copy of the state court case action summary, attached hereto as **Exhibit "B"**.

3. The United States District Court for the Northern District of Alabama, Southern Division, has original subject matter jurisdiction of this civil action because there is complete diversity of citizenship among all properly joined parties pursuant to 28 U.S.C. § 1332 and the amount in controversy exceeds $75,000.00,

exclusive of interest and costs. Since the Complaint was originally filed in the Circuit Court of Shelby County, Alabama, this District is the proper venue upon removal in accordance with 28 U.S.C. § 1441(a).

## DIVERSITY OF CITIZENSHIP

4. Jurisdiction in this cause is proper in the United States District Court pursuant to the provisions of 28 U.S.C. § 1332, based on diversity of citizenship.

### A. The Plaintiff

5. According to the Complaint, and upon information and belief, Plaintiff Michael J. Vigneulle, resides in and is a citizen of Jefferson County, Alabama. The Plaintiff is a resident citizen of the State of Alabama within the meaning of the Judiciary Article of the Constitution of the United States and the Acts of Congress, creating diversity jurisdiction in the federal courts and governing the removal of causes from state courts to federal courts on the ground of diversity citizenship.

### B. The Removing Defendants

6. Defendant Primal Vantage Company, Inc. is now, and was at the time of the commencement of this action, a New Jersey corporation with its principal place of business in New Jersey. Defendant Primal Vantage is not a resident citizen of the State of Alabama within the meaning of the Judiciary Article of the Constitution of the United States and the Acts of Congress, creating diversity

jurisdiction in the federal courts and governing the removal of causes from state courts to federal courts on the ground of diversity citizenship.

7. Defendant Tahsin Industrial Corp., USA is now, and was at the time of the commencement of this action, a New Jersey corporation with its principal place of business in New Jersey. Defendant Tahsin not a resident citizen of the State of Alabama within the meaning of the Judiciary Article of the Constitution of the United States and the Acts of Congress, creating diversity jurisdiction in the federal courts and governing the removal of causes from state courts to federal courts on the ground of diversity citizenship.

8. Both Primal Vantage and Tahsin consent to the removal.

9. Finally, for purposes of removal, "the citizenship of defendants sued under fictitious names shall be disregarded." 28 USC § 1441(a). Rather, in determining whether diversity of citizenship exists, only the named defendants are properly considered. See, Walker v. CSX Transp., Inc., 650 F. 3d 1392 (11th Cir. 2011). Thus, the inclusion of fictitious defendants in the Plaintiff's Complaint does not affect removability. See, 28 USC § 1441(a); see also, Greer v. Skilcraft, 704 F.Supp. 1570 (N.D. Ala. 1989).

10. Given the foregoing, there is complete diversity of citizenship among all parties pursuant to 28 U.S.C. § 1332.

## AMOUNT IN CONTROVERSY

11. In the Complaint, the Plaintiff seeks recovery against the Defendants for the alleged wrongful death of Drew Vigneulle. Where, as here, damages are not specified in the state court complaint, the defendant seeking removal need only show by a preponderance of the evidence that "the amount in controversy more than likely than not exceeds ... the jurisdictional requirement." Roe v. Michelin N. Am., Inc., 613 F. 3d 1058, 1061 (11th Cir. 2010)(quoting Tapscott v. MS Dealer Service Corp., 77 F. 3d 1353, 1357 (11th Cir. 1996)). A defendant can meet his burden of proof where it is "facially apparent" from the complaint itself that the amount in controversy exceeds the jurisdictional minimum, even when the complaint does not claim a specific amount of damages. Roe, 613 F. 3d at 1061.

12. Alabama courts have established that punitive damages in wrongful death cases should be imposed according to factors such as the gravity of the wrong, the need to deter others, and the appropriateness of the punishment. Roe v. Michelin , 637 F.Supp.2d at 998 (citation omitted). "As each of these factors increases, so must the damages imposed to meet them[;][l]ikewise, larger damage awards are required to deter and punish the behavior of larger companies." Id. at 998.

13. Also, it is well settled that district courts are permitted to draw upon their judicial experience and common sense to conclude that a wrongful death

complaint, on its face, establishes the jurisdictional amount. Roe v. Michelin, 637 F.Supp.2d at 999("it is not speculative to conclude from the egregious conduct alleged that the amount, whatever it is, far exceeds $ 75,000. Indeed, the court cannot image a plaintiff's lawyer saying with a straight face that this wrongful-death case should be valued at no more than $ 75,000.")  District Courts are permitted to make "reasonable deductions" and "reasonable inferences," and need not "suspend reality or shelve common sense in determining whether the face of a complaint … establishes the jurisdictional amount." Pretka v. Kolter City Plaza II, Inc., 608 F. 3d 744, 770 (11th Cir. 2010).

14. Under Alabama law, the jury is empowered to consider the finality of death in fixing the amount of punitive damages. See, Campbell v. Williams, 638 So.2d 804, 811 (Ala. 1994). Alabama's wrongful death scheme establishes that, "the very purpose of punitive damages, then, in a wrongful death context, rests upon the Divine concept that all human life is precious." Estes Health Care Centers, Inc. v. Bannerman, 411 So.2d 109, 113 (Ala. 1992). The Complaint in this action alleges that the "Defendants knew or should have known that they placed a defective and unreasonably dangerous product into the marketplace" which caused "positional asphyxia" and ultimately death. Also, during pre-suit communications, Plaintiff last demanded $1,200,000.00 to resolve the matter. "Given that Alabama law views every human life as precious and requires juries to consider the finality

of a life cut premature by a defendant's conduct in assessing damages ... it is readily deducible from the complaint that the amount in controversy exceeds $75,000." Ward v. UOP LLC, 2010 U.S. Dist LEXIS 21523 (S.D. Ala. March 9, 2010) (quoting Nelson v. Whirlpool Corp., 668 F. Supp. 2d 1368 (S.D. Ala. 2010).

15. A copy of the Notice of Removal is being served on Plaintiff, by and through the attorneys of record, and upon the Clerk for the Circuit Court of Shelby County, Alabama.

WHEREFORE, Defendants serve this Notice and hereby remove this case pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, and Plaintiff is notified to attempt to proceed no further in this case in the Circuit Court of Shelby County, Alabama, unless by Order of the United States District Court for the Northern District of Alabama, Southern Division.

Respectfully submitted this 15th day of December, 2015.

Respectfully submitted,

PORTERFIELD, HARPER, MILLS,
MOTLOW & IRELAND, P.A.

By: _____
Keith J. Pflaum, Esq.
22 Inverness Center Parkway, Suite 600
Birmingham, AL 35242
T: 205.980.5000
kjp@phm-law.com

       CLARK HILL PLC
          Milton S. Karfis, *pro hac vice* (pending)
          Bishop A. Bartoni, *pro hac vice* (pending)
          151 South Old Woodward Avenue, Ste. 200
          Birmingham, MI 48009
          T: 248.642.9692
          MKarfis@clarkhill.com
          BBartoni@clarkhill.com

*Attorneys for Defendants*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| MICHAEL J. VIGNEULLE, as Personal ) <br> Representative of the Estate of ANDREW ) <br> MICHAEL VIGNEULLE, ) <br> ) <br>     Plaintiff, ) <br> ) <br> v. ) <br> ) <br> TAHSIN INDUSTRIAL CORP., USA, ) <br> PRIMAL VANTAGE COMPANY, INC., ) <br> and Fictitious Defendants A through D, ) <br> which are those entities that design, sell, ) <br> market, and/or manufacture the Tahsin ) <br> Harnesses, whose identifies are as yet ) <br> unknown to Plaintiff, but whose names ) <br> will be added to this Complaint as they ) <br> are discovered, ) <br> ) <br>     Defendants. ) | Case No. <br><br> Lower Court Case No. <br> 58-CV-2015-901028.00 |

## CERTIFICATE OF SERVICE

I hereby certify that on **December 15**, **2015**, I served a copy of the foregoing via the CM/ECF system which will send notification of such filing to all counsel of record as follows:

R. Bruce Barze, Jr., Esq.
Christopher F. Heinss, Esq.
Katherine R. Clements, Esq.
BALCH & BINGHAM LLP
P.O. Box 306
Birmingham, AL 35201

_____
OF COUNSEL